**Daniel L. Steinberg**, OSB #993690
daniel.steinberg@jordanramis.com
**Scott S. Anders**, OSB #135910
scott.anders@jordanramis.com
**Joseph R. Rohner IV**, OSB #064919
joseph.rohner@jordanramis.com
JORDAN RAMIS PC
1499 SE Tech Center Place, Ste. 380
Vancouver, Washington 98683
Telephone: (360) 567-3900
Facsimile: (360) 567-3901

Attorneys for Defendant FedLoan Servicing

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| BRANDY MAE CASSITY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TRANSUNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; FEDLOAN SERVICING;  AND DOES 1 THROUGH 100 inclusive,<br><br>　　　　　Defendants. | Case No. 6:20-cv-02139<br><br>DEFENDANT FEDLOAN SERVICING'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c)<br><br>**Request for Oral Argument** |

## I.  LR 7-1 CERTIFICATION

Pursuant to LR 7-1, counsel for the moving party has made a good faith effort to confer with opposing counsel to resolve the matters at issue in this Motion.  However, these efforts have not resulted in agreement between the parties.  For that reason, the Court's intervention is

Page 1 –   DEFENDANT FEDLOAN SERVICING'S
　　　　　MOTION FOR JUDGMENT ON THE
　　　　　PLEADINGS PURSUANT TO FRCP 12(c)

requested to resolve this Motion.

## II.  MOTION

The Pennsylvania Higher Education Assistance Agency ("PHEAA," dba, FedLoan Servicing ("FedLoan")), by and through its attorneys, Jordan Ramis PC, hereby moves the Court pursuant to Federal Rule of Civil Procedure ("FRCP") 12(c) to dismiss the case captioned above filed by Brandy Mae Cassity.

## III.  FACTUAL BACKGROUND

Plaintiff Brandy Mae Cassity ("Plaintiff") filed this case on or about December 9, 2020, alleging a violation of 15 U.S.C. §1681 *et.seq.*, more commonly referred to as the Fair Credit Reporting Act ("FCRA") against FedLoan, Trans Union, LLC, and Equifax. Plaintiff alleges that FedLoan failed to accurately report on Plaintiff's accounts. *Complaint,* p. 1, ¶2.

Specifically, Plaintiff claims that FedLoan continued to report Plaintiff for past due payments even though Plaintiff made no payments for several months. Plaintiff's Complaint goes on to say that the account was transferred out of FedLoan and showed no balance owing, and in fact Plaintiff concedes that the account in question "is closed, has a zero balance, and was transferred in October of 2017." Complaint, p. 6, ¶ 56. As a result, Plaintiff posits, reporting the fact that prior missed payments occurred on an account that currently has a balance of zero is misleading.

Plaintiff's complaint goes on to detail that FedLoan continued to report several accounts, for student loans, 120 days past due for each of the loans even though the loans were removed from FedLoan in October of 2017. *Complaint,* p. 7, ¶¶ 57-64. Plaintiff reports that those accounts were reported as having a zero balance as of the date the student loan accounts no longer resided with FedLoan. *Id.* Plaintiff further claims that Plaintiff challenged the inaccuracy

and that FedLoan failed to perform an adequate investigation and that failure to adequately investigate led to inaccurate reporting of Plaintiff's credit situation.

## IV. STANDARDS

FedLoan moves for judgment on the pleadings under FRCP 12 (c) which states in relevant part: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Cases have interpreted this rule this way: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). *See also Schroll v. Plunkett,* 760 F Supp 1385, 1387 (D Or 1990), *aff'd,* 932 F2d 973 (9th Cir 1991). A motion for judgment on the pleadings under FRCP 12(c) is procedurally proper at any time after the defendant has filed an Answer. *See Alexander v. Williams*, 2:13-CV-01176-PK, 2014 WL 128116, at *1 (D Or Jan 13, 2014) ("After the defendant has answered the complaint, a party may move for judgment on the pleadings."); *Brooks v. Caswell*, 3:14-CV-01232-AC, 2016 WL 866303, at *2 (D Or Mar 2, 2016) ("Pleadings are considered closed once both a complaint and answer have been filed.").

"Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir.1990). When analyzing a motion for judgment on the pleadings, the allegations made by the non-moving party are to be taken as true. *Id.* If matters outside the pleadings are presented to and considered by the court, the motion is treated as a summary judgment motion. FRCP 12(d). However, the court may consider a document extrinsic to the complaint if the parties do not dispute its authenticity and the complaint necessarily relies on

it. *Dent v. Cox Communs. Las Vegas, Inc.,* 502 F3d 1141, 1143 (9th Cir 2007); *Or. Natural Desert Ass'n v. United States Forest Serv.,* 312 F Supp 2d 1337, 1343 n 3 (D Or 2004).

## V. DISCUSSION

Plaintiff's claim against FedLoan cannot withstand scrutiny under the controlling legal rule. Plaintiff asserts that the credit reporting on a particular account was inaccurate because it showed accounts past due, a zero balance, and the loan servicing no longer with FedLoan. However, the bare allegation that FedLoan did not conduct an adequate investigation is just a conclusory statement that is not factual. It is a statement of what Plaintiff would want, but it is in no way based in fact. Plaintiff's reasoning is that FedLoan must not have done an investigation, or at least a proper investigation, because the reporting to the credit unions continues to show that Plaintiff was at least 120 days delinquent with a zero balance after the account left the control of FedLoan. There is absolutely no evidence or facts in the Complaint to establish that any such thing occurred, nor is there any support for an alleged violation of the FCRA.

FCRA was created "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and [to] protect consumer privacy." *Safeco Ins. Co. v. Burr,* 551 U.S. 47, 52 (2007). Parties providing information to credit agencies have an obligation to report accurate information about consumers. *15 U.S.C.* §1681s-2(a), and to respond to disputes and the information provided. *15 U.S.C.* §1681s-2(b). The latter section provides consumers with a private right of action if the information provided is inaccurate and the information provider refuses to delete, correct, or modify the information. *Id.*; *See also, Twumasi-Ankrah v. Checkr, Inc.,* 954 F.3d 938 (6th Cir. 2020). Reasonable procedures must be followed to assure the most accuracy possible for those people that are affected by the reports and they must also perform a good faith investigation into the allegations made by those who claim damage due to an

inaccurate report. *15 U.S.C.* §1681e (b); *15 U.S.C.* §1681i (a).

The critical issue concerning Plaintiff's claim against FedLoan is whether the information in the credit report is inaccurate. Inaccuracy can be technically inaccurate as well as information that is materially misleading. *See*, *Twani-Ankrah*, 954 F.3d at 942. A report is patently incorrect or "misleading" if it would be expected to adversely affect credit decisions by a creditor. *Sepulveda v. CSC Credit Servs, Inc.,* 158 F.3d 890 (5th Cir. 1998) (citation omitted). This Court has cited this rule with approval, noting that the bar for a representation to be actionable is high. *See Lawrence v. Paramount Residential Mortgage Grp., Inc.,* 3:19-CV-02103-JR, 2020 WL 6689371, at *2–3 (D Or July 20, 2020)(noting "it is accurate to report zero balances . . . after the Notes are discharged in bankruptcy."), report and recommendation adopted, 3:19-CV-02103-JR, 2020 WL 6685706 (D Or Nov 10, 2020).

Even when looking at the allegations in the Complaint as favorably to Plaintiff as possible, FedLoan did not provide patently incorrect or misleading information in its reporting. In fact, FedLoan provided accurate information throughout the course of this account. Dkt. 14-1, p. 2-3. When looking at the report as a whole, it becomes clear that Plaintiff fell behind in making payments leading to a delinquency that grew to be more than 120 days. The loan in question did not get paid by Plaintiff or anyone on his behalf. Eventually, the loan defaulted and transferred to the guarantor. Once transferred, the balance that accumulated was still owed, but the responsibility for the collection of the loan was upon a different party than FedLoan. FedLoan then reduced the amount the Plaintiff was to pay to FedLoan to zero. This information is clearly contained in Exhibit 1 to the Answer filed by FedLoan to Plaintiff's Complaint. The payment rating that was reported for Plaintiff's account was accurate because the loan in question was defaulted due to delinquency. Dkt. 14-1, p. 2-3.

The contention by Plaintiff that the reporting was inaccurate is false. Reporting delinquency of 120 days or more and a zero balance, separately or together, is not misleading, and Plaintiff's subjective belief that it is inaccurate, misleading, or patently false do not rise to the level of a "fact" but is merely speculation. Following Plaintiff's logic, Plaintiff believes that the credit reports made will mislead and are patently false on their face because it shows 120 days delinquent on a zero-dollar balance. How can someone be late on a zero-dollar balance? That is the question that Plaintiff wants the court to consider only one, and the least logical, possibility. But such a conclusion is not warranted or even in the path of correct thinking.

The Court needs to assess the alleged inaccuracy against the background of the entire credit report. *Thomas v. Equifax Info Services, LLC,* No. 3*:19-cv-286,* 2020 WL 1987949 at *4, (S.D. Ohio, April 27, 2020) (Court reasoned that no reasonable person would be misled so as to think that a current payment existed when the account showed a zero balance on a closed account). Nothing that was reported here was inaccurate, materially or otherwise. Historical account information is not misleading or inaccurate.

Finally, several district courts have followed FLS's argument herein by dismissing lawsuits similar to Plaintiff's that simply fail to state a claim under FCRA. In *Settles v. Trans Union, LLC*, the plaintiff pled nearly identical allegations, which the court dismissed under Rule 12(b)(6). No. 3:20-cv-00084. 2020 WL 6900302, *4 (M.D. Tenn. Nov. 24, 2020) ("reporting a 'pay status' as '120 days past due date' . . . would not reasonably mislead a creditor to believe Plaintiff is currently past due on this loan," where the "report provides a payment history showing that Plaintiff was at least 120 days late each month from May 2013 to January 2014, states that the account was closed in February 2014, and does not provide any account payment information past that date."). Similarly, "historical information about an account simply isn't misleading or patently incorrect

where all information taken together establishes that an account is no longer active." *Irvin v. Equifax Info. Services, LLC*, 4:19-CV-03688, 2020 WL 4547152, at *1–3 (S.D. Tex. Aug. 6, 2020). Plaintiff's claim should likewise be dismissed under FRCP 12(c). *See also Gross v. Private Nat'l Mortgage Acceptance Co., LLC, 20-CV-4192 (BMC),* 2021 WL 81465, at *3 (EDNY Jan 9, 2021) ("If a creditor read the "Pay Status" entry in isolation, the creditor might conclude that the account was currently past due. But when the creditor read the rest of the entries, the creditor would surely forego that conclusion."). Lastly in <u>Hernandez v. Trans Union LLC, et al</u>, 3:19CV1987-RV/EMT, 2020 WL 8368221, at *3 (ND Fla Dec 10, 2020), the Court followed the reasoning of *Settles, supra*, and held as a matter of law that no reasonable creditor could be misled into thinking the plaintiff was "still late" on an account that was accurately reported as having no current past due amount. The same result is proper in the instant case.

## VI.  CONCLUSION

For the reasons stated above, Defendant FedLoan is entitled to have its Motion for Judgment on the Pleadings granted, and it respectfully requests the Court do the same.

DATED this 22nd day of February, 2021.

JORDAN RAMIS PC

By: */s/ Joseph R. Rohner IV*
Daniel L. Steinberg, OSB #993690
daniel.steinberg@jordanramis.com
Scott S. Anders, OSB #135910
scott.anders@jordanramis.com
Joseph R. Rohner IV, OSB #064919
joseph.rohner@jordanramis.com
Telephone: (360) 567-3900
Facsimile: (360) 567-3901

*Attorneys for Defendant FedLoan Servicing*

# CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I electronically filed the foregoing **DEFENDANT FEDLOAN SERVICING'S MOTION TO DISMISS PURSUANT TO FRCP12(b)(6)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kyle W. Schumacher
Schumacher Lane PLLC
29929 Champagne
Bulverde TX 78163
kyle@schumacherlane.com
 *Attorneys for Plaintiff*

    DATED: February 22, 2021.

    */s/ Joseph R. Rohner IV*
    Joseph R. Rohner IV, OSB #064919
    joseph.rohner@jordanramis.com